UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY FORRESTER,

Plaintiff,

-against-

NATIONAL VOLUNTARY ORGANIZATIONS ACTIVE IN DISASTER, INC., MICHAEL MANNING, MARK J. SMITH, and WARREN MILLER

Defendants.

**DECLARATION OF MICHAEL G. MANNING IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Case No. 1:21-cv-00422-JGK

I, **MICHAEL G. MANNING**, hereby declare and state, under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the Interim President and Chief Executive Officer ("CEO") for National Voluntary Organizations Active in Disaster, Inc. ("NVOAD"). I submit this Declaration in Support of Defendants' Motion to Dismiss Plaintiff's Complaint. I am fully familiar with the facts set forth below, either by personal knowledge or upon review of files on this matter.

2. I have never resided or owned any property in the State of New York. I have not personally conducted any business in the State of New York. I also have not traveled to New York in my capacity as an executive of NVOAD or for my personal benefit during my association with NVOAD.

**NVOAD Background**

3. NVOAD is a coalition that provides a forum promoting cooperation, communication, coordination, and collaboration; and fosters more effective delivery of services to communities affected by disasters.

4. NVOAD is incorporated in the State of Virginia and maintains its physical office at 950 N. Washington Street, Alexandria, Virginia, 22314. *See* Compl. ¶ 11. The majority of NVOAD's mail is addressed to P.O. Box 26125, Alexandria, Virginia, 22314.

5. NVOAD currently employs approximately four employees that live in various locations across the United States, including Maryland, New Jersey, New York, and Rhode Island.

6. The Director of Operations is the only employee that lives in New York. She is responsible for managing the day-to-day operations of the national headquarters, which includes financial oversight, event logistics, and communications. To ensure that NVOAD adequately and efficiently serves disaster survivors, she may communicate with members and organizations across the United States. Her residency in New York is immaterial to NVOAD's mission of effectively delivering services to disaster survivors. This position could be administered anywhere in the United States.

7. NVOAD's Board also has a Human Resources Task Force, which includes Kevin King, Jenn Dorsch-Messler, Elizabeth Disco Shearer, and Dennis Clancy. *See* Compl. ¶ 60. These members live in Washington, D.C., Maryland, Virginia, and Texas.

8. NVOAD holds Board meetings at least three times each year. From September 2016 through February 2020, Board meetings were held in locations, including Washington, D.C.; Bluemont, Virginia; Houston, Texas; Alexandria, Virginia; Providence, Rhode Island; Atlanta, Georgia; Nashville, Tennessee; Charleston, West Virginia; and Grand Prairie, Texas. During this time period, these meetings were never held in New York. After February 2020, Board meetings were no longer held in person but were held via telephone or videoconference.

9. NVOAD has fifty-six state and territorial members. The local NVOAD members are focused on providing and coordinating disaster-related services in their respective region.

They do not perform business on behalf of NVOAD. To my knowledge, each of these members have their own management, employees, and volunteers that are separate from the national organization. NVOAD does not exercise any control over the local members.

**Plaintiff's Employment**

10. It is to my knowledge that when Plaintiff was hired, he was based in New York and was expected to, and did, commute to NVOAD's physical office in Alexandria, Virginia. At the time of his hire, the intention was never for Plaintiff to permanently work from his home in New York.

11. At all relevant times, I attended weekly and monthly meetings with Plaintiff to discuss NVOAD business. *See* Compl. ¶¶ 30-31. These meetings took place via email and telephone. They were never held in New York.

12. In my roles as the Chairperson of the Executive Board of NVOAD and as Interim President and CEO, I have never been required to partner with or conduct business in New York.

13. It is to my knowledge that Plaintiff, as the former President and CEO, was also not required to conduct business in New York on NVOAD's behalf. His role was to be in charge of and develop NVOAD at a national level, and not at the state level.

14. Plaintiff hosted a virtual presentation from his home office in New York because of the COVID-19 pandemic. Typically, these meetings are not held in New York but are held in person and in different states.

15. On December 4, 2020, the Board voted to remove Plaintiff as the President and CEO of NVOAD.

16. Mark J. Smith resigned from the Board on June 22, 2020 and was not involved in the decision to terminate Plaintiff.

Executed on this 8TH day of April, 2021.

_____
Michael G. Manning